UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALPHA PROPERTY & CASUALTY
INSURANCE COMPANY,

    Plaintiff,

v.                                          Case No: 8:14-cv-1383-T-36AEP

SUB SOMSAP-VONGKHAMSAO,
SAYSANASON KEOVILAYTHONG,
GISELLA DE JESUS, NICOLE BAEZ,
PABLO BAEZ ARROYO, JOSEPH
ROSHKOWSKI, ANDREA
ROSHKOWSKI, JACLYN ROSHKOWSKI
and LAUREN ROSHKOWSKI,

    Defendants.
_____/

# **ORDER**

This matter comes before the Court upon Plaintiff's Motion for Summary Judgment (Doc. 73).  Defendants have failed to file any response(s) to the motion, despite being ordered to do so.  *See* Doc. 75.  Upon due consideration of Plaintiff's submissions, including the memorandum of counsel and accompanying exhibits, and for the reasons that follow, Plaintiff's Motion for Summary Judgment will be granted.

**I.    PROCEDURAL BACKGROUND**

Plaintiff originally filed this action for declaratory judgment on June 10, 2014. *See* Doc. 1. The Amended Complaint (Doc. 3) was filed on June 13, 2014 and contains a single count requesting a declaration that Plaintiff has no duty to defend or indemnify Defendants Sub Somsap-Vongkhamsao or Saysanason Keovilaythong in an underlying tort action relating to a car accident that occurred on March 28, 2010 ("the Accident").

Defendants Sub Somsap-Vongkhamsao (Doc. 26), Saysanason Keovilaythong (Doc. 34), Gisella De Jesus (Doc. 28), Nicole Baez (Doc. 29), Pablo Baez Arroyo (Doc. 35), Joseph Roshkowski (Doc. 30), Andrea Roshkowski (Doc. 32), Jaclyn Roshkowski (Doc. 33) and Lauren Roshkowski (Doc. 31), were each served with the Amended Complaint between June 27, 2014 and July 14, 2014. None of the Defendants responded to the Amended Complaint and Clerk's Defaults were entered against all of them. *See* Docs. 61-68 and 71.

## II.  STATEMENT OF UNDISPUTED MATERIAL FACTS

On August 20, 2008, Chanthao Keovilaythong completed a Florida Personal Auto Application (hereinafter "Application") on behalf of Sub Somsap-Vongkhamsao ("Somsap-Vongkhamsao"). *See* Doc. 73-3. The Application listed Somsap-Vongkhamsao, Chanthao Keovilaythong and Saysanasongkham Keovilaythong as drivers. *Id.* Further, the Application listed one automobile, a 1992 Toyota 4Runner VIN JT3VN39W1N8042531, under the "Covered Auto Information" section. *Id.* Plaintiff Alpha Property & Casualty Insurance Company ("Alpha") then issued private passenger auto policy number CCAPZA6126365-03 ("the Policy") to Somsap-Vongkhamsao for a six-month term from February 24, 2010 to August 24, 2010. *See* Doc. 73-1 at p. 1. Under the terms of the Policy, Somsap-Vongkhamsao was listed as the named insured, and Defendant Saysanason Keovilaythong ("Keovilaythong") and Chanthao Keovilaythong were listed as named drivers. *Id.* The Policy identified the 1992 Toyota 4Runner as the only "covered auto." *Id.*

On March 28, 2010, at the time of the Accident, Keovilaythong was driving Somsap-Vongkhamsao's 1992 Toyota Pickup Truck VIN JT4VN13D6N5091085 (hereinafter "the Pickup"), with Somsap-Vongkhamsao's permission. Doc. 3 ¶ 19. The Pickup stalled in the intersection of Highway 27 North and Polo Park Boulevard East in Davenport, Florida. *Id.* The

pickup was then struck from behind by a 2004 Chrysler driven by Gisella De Jesus ("De Jesus"). *Id.* ¶ 20. Nicole Baez and Pablo Baez were passengers in De Jesus' vehicle. *Id.* ¶ 20. De Jesus' vehicle was then struck from behind by a 2009 Pontiac driven by Joseph Roshkowski. *Id.* ¶ 21. Andrea Roshkowski, Jaclyn Roshkowski, and Lauren Roshkowski were passengers in the 2009 Pontiac. *Id.* ¶ 21.

On February 4, 2014, De Jesus filed the underlying Personal Injury Action against Somsap-Vongkhamsao, Keovilaythong, Joseph Roshkowski, and Permanent General Assurance Corporation as a result of the Accident. *See* Doc. 73-2.

### III.  STANDARD OF REVIEW

Summary judgment is appropriate only when the court is satisfied that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law" after reviewing the "pleadings, the discovery and disclosure materials on file, and any affidavits[.]" Fed. R. Civ. P. 56(c)(2).  In determining whether a genuine issue of material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Shotz v. City of Plantation, Fla*., 344 F.3d 1161, 1164 (11th Cir. 2003).

Issues of fact are "genuine only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. *Id*.  The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004).  That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Although the instant motion for summary judgment is unopposed, the Court is obligated to ascertain whether Plaintiff is entitled to judgment on the merits. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).

## IV. DISCUSSION

Alpha argues that it is not obligated to defend or indemnify Somsap-Vongkhamsao and Keovilaythong in the underlying litigation because the vehicle Keovilaythong was driving was not listed as a covered vehicle under the Policy. The interpretation of an insurance policy is a question of law to be determined by the Court. *Fireman's Fund Ins. Co. v. Tropical Shipping Ft. Constr. Co.,* 254 F.3d 987, 1003 (11th Cir. 2011). According to the principles of contract interpretation, a court must first examine the natural and plain meaning of an insurance policy's language. *Key v. Allstate Ins. Co.,* 90 F.3d 1546 (11th Cir. 1996). Indeed, "[u]nder Florida law, if the terms of an insurance contract are clear and unambiguous, a court must interpret the contract in accordance with its plain meaning, and unless an ambiguity exists, a court should not resort to outside evidence or the complex rules of construction to construe the contract." *Id.* at 1549.

The Policy, in Part A - Liability Coverage, includes the following pertinent exclusions:

> B. "We" do not provide Liability coverage for the ownership, maintenance or use of:
>
> > 2. Any vehicle, other than "your covered auto," which is:
> >
> > > a. Owned by "you"; or
> > >
> > > b. Furnished or available for "your" regular use.
> >
> > 3. Any vehicle, other than "your covered auto," which is:
> >
> > > a. Owned by any "family member"; or
> > >
> > > b. Furnished or available for the regular use of any "family member".

Doc. 73-1 at p. 14. The Policy defines the relevant terms as follows:

4

A. Throughout this policy, "you" and "your" refer to:

    1. The "named insured" shown in the Declarations; and

    2. The spouse if a resident of the same household . . .

F. "Family member" means a person related to "you" by blood, marriage or adoption who is a resident of "your" household. This includes a ward or foster child. . . .

K. "Your covered auto" means:

    1. Any vehicle shown in the Declarations.

    2. A "newly acquired auto".

    3. Any "trailer" "you" own.

    4. Any auto or "trailer" "you" do not own while used as a temporary substitute vehicle for any other vehicle described in this definition which is out of normal use because of its"

        a. Breakdown;

        b. Repair;

        c. Servicing;

        d. Loss; or

        e. Destruction

Doc. 73-1 at p. 12. A "'[n]ewly acquired auto' means any of the following types of vehicles "you" become the owner of during the policy period . . . ." *Id.* Coverage for newly acquired autos is automatic for the first 14 days after the vehicle is acquired by the insured. *Id.* at p. 13. However, to extend coverage past those fourteen days, the insured must ask Alpha to insure the new vehicle within those fourteen days. *Id.*

    In addition to the terms above, the Personal Injury Protection section, Part B of the Policy, states as follows:

>	EXCLUSIONS
>
>	B. "We" do not provide Personal Injury Protection Coverage for:
>
>	1. The "named insured" or any "family member" while "occupying" a "motor vehicle" which is:
>
>>		a. Owned by the "named insured", and
>>
>>		b. Not a "your covered auto" under this policy.

Doc. 73-1 at p. 17. And under the Medical Payments Coverage section, Part C, the Policy provides as follows:

>	EXCLUSIONS
>
>	"We" do not provide Medical Payments Coverage for any "insured" for "bodily injury":
>
>	5. Sustained while "occupying" or when struck by, any vehicle (other than "your covered auto") which is:
>
>>		a. Owned by "you"; or
>>
>>		b. Furnished or available for "your" regular use.
>
>	6. Sustained while "occupying" or when struck by, any vehicle (other than "your covered auto") which is:
>
>>		a. Owned by any "family member"; or
>>
>>		b. Furnished or available for the regular use of any "family member."

*Id.* at p. 11. Finally, Part D of the Policy states as follows:

>	EXCLUSIONS
>
>	A. "We" do not provide Uninsured Motorists Coverage for "bodily injury" sustained:
>
>>	1. By an "insured" while "occupying" any motor vehicle owner by that "insured" which is not insured for this coverage under this policy. . . .
>>
>>	2. By any "family member" while "occupying" any motor vehicle "you" own which is insured for this coverage on a primary basis under any other policy.

6

*Id.* at p. 22.

As stated above, no Defendant has filed a responsive pleading in this matter. Federal Rule of Civil Procedure 8(b)(6) states, in pertinent part, that "[a]n allegation ... is admitted if a responsive pleading is required and the allegation is not denied . . . ." Therefore, the allegations contained in the Amended Complaint are deemed admitted by all Defendants.

Alpha's Amended Complaint alleges that at the time of the Accident the Pickup was operated by a named driver, Keovilaythong, owned by the insured, Somsap-Vongkhamsao, and used by Keovilaythong with Somsap-Vongkhamsao's permission. Doc. 3 ¶ 19. The Amended Complaint further alleges that the Pickup was purchased by Somsap-Vongkhamsao in 2003 (prior to the term of the Policy) and was available for the regular use of Keovilaythong. *Id.* ¶¶ 24, 27. The term "covered vehicle" as used in the Policy is not ambiguous and excludes any car owned by Somsap-Vongkhamsao that was not listed in the Policy, unless it was a newly acquired auto. It is undisputed that the Pickup driven by Keovilaythong and owned by Somsap-Vongkhamsao on March 28, 2010 bears a different VIN and is a different model than the vehicle identified in the Policy. Further the Pickup driven by Keovilaythong on March 28, 2010 was acquired by Somsap-Vongkhamsao several years before the Policy term began. Therefore, the Pickup was not a "covered vehicle" under the Policy. Because there is a lack of coverage, Plaintiff has no duty to defend Sub Somsap-Vongkhamsao and Saysanason Keovilaythong for loss or damage arising from or relating to the subject Accident. Florida law is clear that if there is no duty to defend, there is no duty to indemnify. *Fun Spree Vacations, Inc. v. Orion Ins. Co.*, 659 So. 2d 419, 422 (Fla. 3rd DCA 1995). Accordingly, it is hereby

**ORDERED that**:

1. Plaintiff's Motion for Summary Judgment (Doc. 73) is GRANTED.

7

2. Coverage does not exist under Policy No. CCAPZA6126365-03 issued by Plaintiff Alpha Property & Casualty Insurance Co. for the claims presented by Defendant Giselle De Jesus against Defendants Sub Somsap-Vongkhamsao and Saysanason Keovilaythong. Therefore, Plaintiff Alpha Property & Casualty Insurance Co. has no duty to defend or indemnify Defendants Sub Somsap-Vongkhamsao and Saysanason Keovilaythong against claims by De Jesus.

3. A Declaratory Judgment in favor of Plaintiff Alpha Property & Casualty Insurance Company will be entered by separate Order of the Court.

**DONE AND ORDERED** in Tampa, Florida on August 18, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any